Selden. J.
Several objections are made to the proceedings by which the plaintiffs claim to have become incorporated. The first is, that it appears from the articles of association that the contemplated road was to be only four miles in length, and that as the plank road act virtually prohibits the construction of any road less than five miles long, an incorporation to build a shorter road cannot be valid.
. This objection is founded upon a misinterpretation of §§ 34 and 35 of the act. Those sections relate solely to the right of the company to erect toll gates and levy tolls upon the traveling public, but do not operate to prevent plank road companies from organizing to build or actually building roads of any length whatever. If they erect gates, then as between them and the persons called upon to pay tolls, they must show a compliance with these sections, or they may be proceeded against in behalf of the public for a violation of their charters; but their corporate rights are not otherwise affected.
A second objection is, that the articles of association contain a provision not authorized by the act, viz., that the capital stock may be increased by the directors alone, without consulting the stockholders. The want of authority for this provision cannot affect the validity of the incorporation. The articles must contain the statements affirmatively required by the 1st section of the act, because those statements constitute conditions precedent to the right of the company to become incorporated. If unauthorized provisions are added, all acts done pursuant to such provisions will be void; but until the company is .proceeded against for an abuse of its franchises, its rights as a corporation will not be affected by such unauthorized provisions.
It is further objected that it was not shown upon the trial that stock to the amount, of $500 per mile had been in good faith subscribed, or that five per cent upon the amount subscribed had been actually and in good faith paid, *552 prior to the incorporation; and hence that the plaintiffs were never duly incorporated.
The plaintiffs produced a copy, duly certified, of their articles of association, and of the affidavit of the directors' indorsed thereon. It is not claimed but that these documents contain all that is in terms required to be inserted in them by the provisions of the 1st and 2d sections of the act; and § 3 expressly provides that a copy of the articles and affidavit duly authenticated, shall be “ presumptive evidence of the incorporation ” of the company.
It may be said that this section only makes these papers evidence when filed in pursuance of the act; and that as § 2 prohibits their being filed until five per cent on the amount subscribed has been actually and in good faith paid, it was incumbent on the plaintiffs to prove such payment before the certified copy could be made evidence at all.
If such proof was necessary, which I doubt, it was actually given. The criticism of the defendant’s counsel upon the testimony of the secretary of the company is founded upon an erroneous construction of the act, which does not require that each subscriber should pay five percent upon his subscription, but only that five per cent “ on the amount of the stock subscribed ” should be actually paid. The object of this provision plainly was to prevent the formation of corporations and cumbering the records of the state, without some evidence that the contemplated enterprise is to be really prosecuted; and it was evidently supposed that the payment of five per cent upon the gross amount of the subscriptions, would afford a reasonable assurance to that effect.
The good faith of the subscriptions is not made a condition precedent to the filing of the articles of association, and hence it could not have been necessary for the plaintiff to offer, in the outset, any evidence on that subject; ar.d as to the good faith of the payments, all that could be shown in the first instance by the plaintiffs, was the actual payment; *553 its good faith must be presumed until something was shown to impeach it. A proper foundation was laid, therefore, for the. introduction of the certified copy of the articles and affidavit, and when introduced, by the express provisions of the act, the incorporation of the company was established, until overthrown by some opposing evidence.
The next question is, as to the validity of the defendant’s subscription. It seems to have been supposed by the supreme court, that if the subscription is obligatory upon the defendant at all, it is to be regarded as made to the capital stock of the company, under, and subject to the provisions of the articles of association. It is however impossible, I think, to consider the defendant as a subscriber to the articles of association, or as a member of the company. These articles purport to embrace the terms and conditions of an agreement between those who have become parties to them. No >ne can be bound by this agreement, except those who have in some way assented to its terms. An individual might make himself a party to the articles of association, either by subscribing them, or, to some extent, by accepting stock issued pursuant to their provisions. The defendant has done neither. The defendant’s name has never been placed among the subscribers to the articles, either by himself or by any other person for him. There is no proof that he ever saw or had any knowledge of their contents. No stock has ever been issued to him. It is difficult to see, therefore, how he • can be considered as having made himself a party to the articles, or bound himself by their conditions. The paper actually subscribed by the-defendant does not show an intent on his part to become bound by any conditions which the subscribers to the stock of the company might thereafter adopt. To give it that effect, its terms, to say the least, should be clear and unequivocal; especially, as ^ 44 of the plank road act makes every stockholder personally liable for the debts of the company, to an amount equal to the amount of stock subscribed or held by him.
*554 A promise to pay one hundred dollars, “ for the purpose of building” a certain plank road, is not necessarily an engagement to take stock in the road, subject to conditions thereafter to be agreed upon by the stockholders, and an authority “to transfer” such promise to a company to be afterwards formed, is very different from a power of attorney to enter into a contract to become a member of the company.' There is nothing in the subscription, signed by the defendant, which can with propriety be construed to confer such a power. It follows that, if the defendant is liable at all, his obligation does not arise from, and is in no way subject to the conditions of the articles of association. The only remaining questions to be considered, therefore, are, whether the promise of the defendant is binding, as an independent engagement, to pay a certain sum upon a sufficient consideration, and whether it has been so transferred to the plaintiffs, as to invest them with a right to Vue upon it.
Were it not for the words “ for value received ” contained in the paper subscribed by the defendant', there would, I think, be great difficulty in holding that there was any consideration for the defendant’s promise. 1 see nothing in the language of the subscription which can be fairly construed to amount to a request that the payees, Boyd and Wood, shall do any act or perform any service in respect to the formation of a company for the purpose of building the road; and the judge has not found, nor do I think the evidence shows, that other persons have assumed liabilities or incurred expense upon the faith of the defendant’s subscription under such circumstances as would estop him from setting up a want of consideration- But the promise contained in the subscription purports to be made “ for value received,” and it has frequently been held that those words used in any written contract for the payment of money, are sufficient prima facie to establish a consideration. The burden rested, therefore, upon the defendant to show that no consideration had been received, and this bp *555 failed to do. The judge before whom the cause was tried has found that “ the defendant, with other persons, in con sideration of value received by each of them,” undertook and promised, &c. This is conclusive upon the question of consideration. It is equivalent to a direct finding that the testimony given to rebut the prima facie evidence afforded by the words “for value received ” wras insufficient for that purpose, and this court has no authority to correct this finding if erroneous. That the promise, therefore, is to be regarded as obligatory, so far as a consideration is concerned, is clear, and the only inquiry is whether the plaintiffs have acquired a right to sue upon it.
The only objection made to the transfer of the promise to the plaintiffs which is of any weight, is that which relates to a consideration. A parol transfer would have been sufficient, and the bare possession of the paper by the plaintiffs, taken in connection with its contents, would probably have afforded prima facie evidence of a valid transfer. But if not, the entry upon the plaintiffs’ books, signed by the payees named in the subscription, furnishes all the additional evidence which could be required, and a consideration, if any was necessary, would probably be inferred from these facts. But was proof of a consideration necessary ?
It is declared upon the face of the subscription that it is made for the purpose of building a certain plank road; and the payees are expressly authorized to transfer the subscription to'a company thereafter to be formed for the purpose of building said road. What interest, then, had the payees, Boyd and Wood, in the subscription ? Certainly none, except that of mere naked trustees. The whole beneficial interest was in the plaintiffs, without any assignment. It may be doubted whether even a formal transfer was necessary to enable them to sue upon it. Where a written contract is made with one party, but is declared upon its face to be made for the benefit of a third party, such third party may bring a suit in his own name upon it. This may *556 perhaps, with propriety, be regarded as such a case. But if not, I think where a contract.in writing, made nominally with one party but avowedly for the benefit of another, provides upon its face for being transferred to the party for whose sole benefit it was made, and who alone has any beneficial interest in it, no consideration for the formal transfer, other than the equitable right' of the transferee and the moral obligation to make it, need be shown.
The defendant is therefore liable, not as a subscriber to the capital stock of the company, but upon bis independent promise, made upon a sufficient consideration. There can be no doubt of the corporate power of the company to receive, and enforce such a promise, it being made for the express purpose of enabling the company to accomplish the object of its incorporation.
The judgment of the supreme court must he affirmed.
Judgment affirmed,